## BICKHART v. CRISSEY.

(Court of Appeals of District of Columbia. Submitted May 13, 1924. Decided June 2, 1924.)

No. 1659.

Patents ⊛90(3)—Filing and prosecution of design application held to show diligence.

Where original inventor filed application for design patent on plate for storage battery before another entered the field, and prosecuted it to final grant of patent, *held*, that there was such diligence as entitled him to priority respecting application for mechanical patent.

Appeal from the Commissioner of Patents.

Interference proceeding between Franklin R. Bickhart and Walter H. Crissey. From a decree awarding priority to the latter, the former appeals. Affirmed.

B. P. Fishburne, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding in which priority of invention was awarded the party Crissey.

The invention relates to the lead grid or plate of a storage battery, formed of interlacing ribs or bars, the bars on one side of the plate being in staggered relation to the bars on the other side. It is a narrow invention, constituting a variation of the standard grid. The tribunals of the Patent Office, after reviewing the evidence, have found that Crissey's conception and disclosure antedated Bickhart, and in this finding we concur. On September 15, 1919, Crissey filed an application for a design patent, which fully disclosed the invention. Bickhart filed a mechanical application on December 1, 1919, upon which a patent was issued on June 22, 1920. Crissey's mechanical application was filed on September 18, 1920. The tribunals of the Patent Office also have found that the filing of the design application by Crissey demonstrated his diligence, and that he therefore is entitled to the award of priority.

We have, therefore, a case in which the real inventor has been recognized. As stated by the Assistant Commissioner:

"Crissey's conception and disclosure were clearly earlier than those of Bickhart. The filing of the design application and its prosecution to the final

granting of the design patent must be held to show diligence. The goal toward which both inventors were traveling was the reduction to practice, either actually or constructively by filing an application, and the later to conceive does not succeed by reason of his own swiftness, but only by reason of the idling by the wayside of him who started first. It is clear no charge of nondiligence could be brought against Crissey when he filed his design application before Bickhart entered the field and prosecuted it to the grant of the patent. He sought protection with the resulting disclosure to the public. This constitutes a compliance with the ultimate purpose of the patent law."

It results that the decision is affirmed.

Affirmed.